# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2495

_____

United States of America,

      Appellee,

v.

Terry L. Baldwin,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: November 10, 2009
Filed:  December 11, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Terry Baldwin appeals the 300-month sentence the district court[1] imposed after he pleaded guilty to child pornography charges. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging Baldwin's sentence. Baldwin has filed a pro se supplemental brief, challenging the factual basis for his conviction and arguing that his right to a speedy trial was violated, that he was denied effective assistance of counsel, and that his guilty plea was not voluntary. He has also filed

_____

[1]The Honorable Richard G. Kopf, United States District Court Judge for the District of Nebraska.

various motions requesting the discharge of defense counsel, the appointment of new counsel, the return of property, a default judgment, and a motion for leave to file a pro se supplemental brief.

We conclude that all of the issues raised in counsel's and Baldwin's briefs fall within the scope of the appeal waiver contained in Baldwin's plea agreement, that Baldwin knowingly and voluntarily entered into the plea agreement and the appeal waiver, and that enforcement of the waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court will enforce appeal waiver in plea agreement and dismiss appeal when appeal falls within scope of waiver, both waiver and plea agreement were entered into knowingly and voluntarily, and enforcing waiver would not result in miscarriage of justice); see also Fed. R. Crim. P. 11(c)(1)(C) (plea agreement may specify that government will agree that specific sentence or sentencing range is appropriate disposition of case; such recommendation binds court once court accepts plea agreement); cf. United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings); United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (claim that ineffective assistance of counsel rendered guilty plea involuntary is more properly raised in § 2255 proceedings).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal beyond the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw, subject to counsel informing Baldwin about procedures for seeking rehearing or filing a petition for certiorari; we deny Baldwin's pending motions; and we dismiss the appeal.

_____

-2-